FILED
ELECTRONICALLY FILED 2/28/2017 12:42 PM 04:16
59-CV-2017-900027.00
CIRCUIT COURT OF
ST. CLAIR COUNTY, ALABAMA
ANNETTE MANNING, CLERK

## IN THE CIRCUIT COURT OF ST. CLAIR COUNTY
## ASHVILLE, ALABAMA

| | |
|---|---|
| **BRETT WRIGHT** ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. |
| ) | |
| v. ) | PLAINTIFF DEMANDS |
| ) | TRIAL BY JURY |
| ) | |
| **LOVE'S TRAVEL STOPS &** ) | |
| **COUNTRY STORES, INC.** ) | |
| Stores, Inc., ) | |
|   Defendant. ) | |

### COMPLAINT

COMES NOW Brett Wright (hereinafter "Mr. Wright"), Plaintiff in the above-styled cause, and states as his Complaint against Defendant, Love's Travel Stops & Country Stores (hereinafter "Love's"), the following:

### PARTIES

1. Plaintiff Mr. Wright is over the age of nineteen (19) years and at all relevant times was a resident of Fort Payne, Alabama.

2. Defendant Love's is headquartered in Oklahoma City, Oklahoma and has a chain of more than 410 truck stops and convenience stores across 40 states. At all relevant times, Defendant Love's has continuously been a foreign corporation doing business in the State of Alabama and city of Steele, Alabama.

### JURISDICTION AND VENUE

3. Jurisdiction over this matter is proper in the District Court for the Circuit Court of St. Clair County in that the matters herein involve injuries perpetrated upon Plaintiff by Defendants actionable under the State Laws of Alabama.

4. Venue is proper in the Northern District of Alabama under 28 U.S.C. § 1391(b).

1



5. Defendant is subject to personal jurisdiction in the State of Alabama for this lawsuit.

**STATEMENT OF FACTS**

6. On or about September 9, 2016, Plaintiff was driving his Peterbilt truck when he pulled off Exit 174 to fill up the truck's fuel tank.

7. Plaintiff pulled his truck onto "fuel island" (the area in which the fuel pumps are located) to add diesel to the truck's fuel tank.

8. Plaintiff proceeded to grab the fuel nozzle and take the gas cap off but when he stepped to get between his truck and trailer, his right foot slipped on excess fuel on the concrete beneath him.

9. While trying to balance himself on the cabin of his truck, Plaintiff's left foot proceeded to slip past his right and in doing so, hit the drainage grate. The drainage grate cut open Plaintiff's left big toe.

10. Plaintiff's girlfriend helped transport Plaintiff into Defendant's store where he proceeded to wrap his foot in the shower room.

11. After leaving Defendant's premises, Plaintiff immediately went to DeKalb Regional Medical Center seeking medical attention. Plaintiff's big toe was black, the nail had fallen off, and the doctors confirmed that he had broken it.

12. After seeking three doctors' medical opinions and about a week after the accident, Plaintiff's left big toe was amputated.

13. Plaintiff is still experiencing pain and discomfort while performing every day activities such as sitting, standing, and working.

14. Plaintiff has been informed by his primary doctor that he will never run again and will have great difficulty having the stamina to make it through a full eight-hour work day.

## COUNT ONE
## NEGLIGENCE

15. Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 14.

16. At the aforesaid time and place, Defendant maintained the premises including the sidewalks, parking lots, fueling stations, entrances and exits to said premises in such a manner where the premises became and/or caused a slip hazard when they accumulated fuel.

17. At the aforesaid time and place, Defendant had a duty to maintain the premises, including said sidewalks, parking lots, fuel stations, entrances and exists in a reasonably safe condition for persons lawfully on said premises, to include Plaintiff herein.

> **Love's Family of Companies**
>
> Founded in 1964 and headquartered in Oklahoma City, Love's Travel Stops & Country Stores has more than 410 locations in 40 states, providing professional truck drivers and motorists with 24-hour access to clean and safe places to purchase gasoline, diesel fuel, Compressed Natural Gas (CNG), travel items, electronics, snacks and more, as well as a wide variety of restaurant offerings. However, in 2017, the Love's Family of Companies offers more services and options to Customers than ever before.

18. As depicted above, Love's ensures that truck drivers have "24-hour access to clean and safe places to purchase gasoline and diesel fuel."

19. At the aforesaid time and place, Defendant by disregarding its duty to maintain the premises, caused the sidewalks, parking lots, fueling stations, entrances and exits, and/or failed to properly maintain, clean, remove, clear the aforementioned sidewalks, parking lots, fueling stations, entrances and exists on the aforementioned premises, allowing the premises to accumulate fuel so as to render them dangerously slippery and unsafe for use, and as a result of this dangerous condition, Plaintiff slipped and fell.

3

20. At the aforesaid time and place, Defendant, as the maintainer of the aforementioned premises, acted with less than reasonable care and was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

   a. Improperly operated, managed, maintained and controlled its premises in failing to properly maintain the aforementioned sidewalks, parking lots, fueling stations, entrances and exists on the premises;

   b. Failed to provide clean and slip resistant surfaces in the aforementioned premises for an unreasonable length of time;

   c. Failure to warn Plaintiff and other persons lawfully on said premises of the dangerous condition when Defendant knew or should have known in the exercise of ordinary care that said warning was necessary to prevent injury to Plaintiff;

   d. Failed to make a reasonable inspection of its premises when it knew or in the exercise of ordinary care should have known that said inspection was necessary to prevent injury to Plaintiff and others lawfully on said premises;

   e. Allowed the aforementioned premises to remain in a dangerously slippery condition, making them unfit for passage, for an unreasonable length of time;

   f. Failed to perform cleaning requirements of the aforementioned areas in accordance with custom and practice in the industry resulting in fuel accumulating unnaturally at the location of said accident;

   g. Failed to comply with the applicable laws and regulations of the State of Alabama and the applicable Federal laws and regulations; and

   h. Was otherwise careless and negligent in the operation of its premises.

21.     The circumstances that caused Plaintiff to fall was a dangerous condition which was created by Defendant, known to Defendant, or should have been known to Defendant in the exercise of reasonable care, and it should have been corrected or Plaintiff should have been warned of its existence. As the injuries are permanent, Plaintiff will continue to suffer damages in the future.

22.     As a result of the negligence of Defendant, Plaintiff suffered permanent bodily injury, resulting in pain and suffering, disability, disfigurement, mental anguish, lack of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment, and loss of past and future earnings.

23.     As a result of the aforesaid conduct and breach of care of Defendant, Plaintiff sustained the injuries, losses, and damages which were more fully described above, without any negligence of Plaintiff contributing thereto.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment for damages against Defendant in an amount to be determined by a jury at the trial of this matter and to any other relief to which this Honorable Court deems Plaintiff is entitled.

## COUNT TWO
## WANTONNESS

24.     Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 23.

25.     On or about September 9, 2016, Defendant owed a duty to Plaintiff, as well as other individuals, to exercise due and reasonable care in the operation of their truck stop.

26.     On or about September 9, 2016 Defendant, wantonly and recklessly breached its duty owed to Plaintiff, by consciously omitting its duty and failing to take reasonable precautions to operate its truck stop, fuel stations, and the surrounding premises and in a lawful manner.

27. Defendant, at the time of the accident, had the knowledge that disregarding its duty to safely maintain the truck stop, including the fuel islands and the surrounding premises, would likely cause an injury.

28. As a direct and proximate result of Defendant's wanton conduct, Plaintiff has sustained physical injuries, including pain and suffering and emotional distress.

29. As a direct and proximate consequence of the wanton conduct, Plaintiff was injured and damaged as follows:

   a. Was caused to suffer injury throughout in his foot, resulting in the loss of his left big toe;

   b. Was forced to seek medical treatment, which continues and is expected to continue into the future;

   c. Will be caused in the future to expend sums of money in the nature of doctors, hospitals, drugs, and other expenses in and about an effort to cure his foot and big toe injuries;

   d. Was caused and will be caused in the future to suffer great physical pain and mental anguish as a result of his injuries; and

   e. Was caused to suffer loss of the pleasures and enjoyment of life.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment for damages against Defendant in an amount to be determined by a jury at the trial of this matter and to any other relief to which this Honorable Court deems Plaintiff is entitled.

## COUNT THREE
## RECKLESS CONDUCT

30. Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 29.

31. By causing harm and endangering the bodily safety of Plaintiff, Defendant's conduct was reckless.

32. Defendant consciously disregarded a substantial and unjustifiable risk that its failure to properly maintain the truck stop, including the fuel islands and the surrounding premises, could endanger the safety of Plaintiff.

33. Defendant's conscious disregard constituted a gross deviation from the standard of care of which a reasonable truck stop would maintain its premises and entailed a high degree of probability that Plaintiff could suffer substantial harm as a result of its reckless conduct.

34. As a result of the reckless conduct by Defendant, Plaintiff has sustained pain and suffering, disability, disfigurement, mental anguish, lack of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment, and loss of past and future earnings.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment for damages against Defendant in an amount to be determined by a jury at the trial of this matter and to any other relief to which this Honorable Court deems Plaintiff is entitled.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERD, Plaintiff prays for judgment of compensatory, special, and punitive damages in such sum as a jury will reasonably assess, based upon proof at trial, as well as declaratory relief, costs of court, including interest according to law and reasonable attorney's fees, and any other such additional relief as this Honorable Court should deem just and proper.

## JURY DEMAND

**PLAINTIFF RESPECTFULLY DEMANDS A TRIAL BY JURY ON ALL ISSUES OF THIS CASE.**

Respectfully submitted this 28th day of February, 2017.

/s/ *J. Allen Schreiber*
J. Allen Schreiber (ASB-2540-R76J)

/s/ *Lauren E. Miles*
Lauren E. Miles (ASB-3564-763E)

**BURKE HARVEY, LLC**
3535 Grandview Parkway, Suite 100
Birmingham, AL 35243
Phone: 205-930-9091
Fax: 205-930-9054
aschreiber@burkeharvey.com
lmiles@burkeharvey.com
***ATTORNEYS FOR PLAINTIFF***

**SERVE DEFENDANT BY CERTIFIED MAIL:**

Principle:   10601 N. Pennsylvania Ave.
             Oklahoma City, Oklahoma 73126

Agent:       2 North Jackson St.
             Suite 605
             Montgomery, AL 36104

DOCUMENT 5



# NOTICE TO CLERK
REQUIREMENTS FOR COMPLETING SERVICE BY
CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA
BRETT WRIGHT V. LOVE'S TRAVEL STOPS AND COUNTRY STORES, INC

59-CV-2017-900027.00

To: CLERK ASHVILLE
clerk.ashville@alacourt.gov

TOTAL POSTAGE PAID: $6.98

Parties to be served by Certified Mail - Return Receipt Requested

LOVE'S TRAVEL STOPS AND COUNTRY STORES, INC        Postage: $6.98
2 NORTH JACKSON STREET
SUITE 605
MONTGOMERY, AL 36104

Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested

Parties to be served by First Class Mail

---

**U.S. Postal Service**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)      $
☐ Return Receipt (electronic)    $           Postmark
☐ Certified Mail Restricted Delivery $        Here
☐ Adult Signature Required       $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$
Sent To
Loves Travel Stops and Country Stores, Inc
Street and Apt. No., or PO Box No.
2 N. Jackson St. STE 605
City, State, ZIP+4
Montgomery, Al 36104

PS Form 3800, April 2015

Case 4:17-cv-00539-KOB   Document 1-1   Filed 04/05/17   Page 10 of 13

DOCUMENT 6

ELECTRONICALLY FILED
3/17/2017 1:58 PM
59-CV-2017-900027.00
CIRCUIT COURT OF
ST. CLAIR COUNTY, ALABAMA
ANNETTE MANNING, CLERK

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY
ASHVILLE, ALABAMA

| | |
|---|---|
| BRETT WRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: |
| | ) CV17-900027 |
| LOVE'S TRAVEL STOPS & | ) |
| COUNTRY STORES, INC., | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF SERVICE OF DISCOVERY

TO:  W. Chris Waller, Jr., Esq.
BALL, BALL, MATTHEWS & NOVAK
445 Dexter Avenue #9045
Montgomery, AL 36104

COMES NOW Plaintiff, Brett Wright, in the above styled case and give notice of filing the following discovery with court:

( X ) Requests to Request for Production of Documents to Defendant
( X ) Request to Interrogatories to Defendant
( ) Requests for Admission
( ) Responses to Requests for Admission
( ) Notice of Intent to Serve Subpoena
( X ) Notice of Deposition of Defendant, Love's Travel Stops & Country Stores, Inc. 30(b)(5&6) Representative

Dated this 17th day of March, 2017.

Respectfully submitted,

/s/ J. Allen Schreiber
J. Allen Schreiber (ASB-2540-R76J)

/s/ Lauren E. Miles
Lauren E. Miles (ASB-3564-T63E)

**ATTORNEYS FOR THE PLAINTIFF**

**OF COUNSEL:**

Burke Harvey, LLC
3535 Grandview Parkway, Suite 100
Birmingham, Alabama 35243
Telephone: (205) 930-9091
Facsimile: (205) 930-9054
aschreiber@burkeharvey.com
lmiles@burkeharvey.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of March, 2017, I served a true and correct copy of the foregoing on all counsel of record via electronic mail to the following:

W. Chris Waller, Jr., Esq.
BALL, BALL, MATTHEWS & NOVAK
445 Dexter Avenue #9045
Montgomery, AL 36104

/s/ J. Allen Schreiber
OF COUNSEL

2

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Loves Travel Stops And
Country Shores, Inc.
2 North Jackson St.
Ste 605
Montgomery, Al 36104



9590 9402 1787 6074 2330 44

2. Article Number (Transfer from service label)

7016 0750 0000 0633 8143

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _[signature]_  ☐ Agent  ☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

NORTHERN DIV
ST. CLAIR CO
Annette Manning
CLERK & REGISTER

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt



United States Postal Service

9590 9402 1787 6074 2330 44

Sender: Please print your name, address, and ZIP+4® in this box*

Circuit Court
100 6th Ave Suite 400
Ashville, AL 35953

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10